Barker, P. J.
This action is to recover damages for the loss of services • by the plaintiff of his son Thomas, who is under age, by reason of personal injuries occasioned by the negligence of the defendant, and for the care and. attendance of his son during his illness. In an action by the son against the-defendant he recovered a judgment for the damages which he had suffered by reason of the same alleged act of negligence. The material facts on the trial'now under review are the same as on the trial where the son was the plaintiff, which are stated in 40 Hun, 605. We there held that the evidence supported a judgment in favor of the son, and, if our views as there expressed were correct, then the plaintiff was entitled upon the merits to the verdict which was rendered in his favor. The appellant has argued an exception taken to the-refusal of the court to charge the jury as follows: That if the water was throwni without knowledge on the part of Mr. Decker (the brakeman) that any boy was on the caboose, the plaintiff could not recover. The court, how- . ever, followed this refusal to charge, as requested, by stating to the jury: “ Of' course, if he did not know or suspect that any boy was there, the company would not be responsible for it. The question is submitted to you whether he did not know-there was a boy there;” to which ruling the defendant also-excepted. The charge as made was a modification of the one requested in this-particular only, that if the brakeman had reason to suspect there was a boy on the car, then whether his action was negligence or not would be determined, the same as if he had actual knowledge that a boy was on the train. We think the charge as made- was correct in every particular, and presented the true rule by which the question of negligence should be determined. Judgment, affirmed. All concur.